USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/31/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIKAL H. SMITH,

        Petitioner,

-against-

T. GRIFFEN,

        Respondent.

15-CV-0622 (ALC) (BCM)

**REPORT AND RECOMMENDATION TO THE HON. ANDREW L. CARTER**

**BARBARA MOSES, United States Magistrate Judge.**

On January 28, 2015, petitioner, then incarcerated in the Green Haven Correctional Facility, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) According to public records, on February 2, 2015, petitioner was released on parole from New York State Department of Corrections (DOC) custody. Petitioner did not inform the Court or respondent of any change of address.

On June 8, 2015, your Honor conducted a telephone status conference with the parties, including petitioner, and issued a written order (Dkt. No. 11) directing respondent to answer or otherwise respond to the petition by July 22, 2015. The order also listed updated contact information for petitioner, including a mailing address in Brooklyn, New York (the Brooklyn address) and a telephone number.

On July 15, 2015, respondent attempted to serve petitioner with his answer and supporting papers by mail at the Brooklyn address. (Dkt. No. 15.) By letter dated August 19, 2015 (Dkt. No. 17), counsel for respondent informed your Honor that the mailing containing respondent's answer had been returned, but that counsel had thereafter "spoken with petitioner," who confirmed the Brooklyn address. Petitioner told counsel that he had "received notice from the Postal Service that [respondent's mailing was] held for pickup at his local Post Office, but he

was unable to visit the Post Office before the materials were returned to respondent." Petitioner further told counsel that he "will not have difficulty picking up future mailings that may be held for pickup at the Post Office." *Id.* Respondent made a second attempt to serve petitioner by mail on August 19, 2015 (Dkt. No. 18), but that mailing was returned by the U.S. Postal Service as "unclaimed" on September 21, 2015. By letter dated September 22, 2015 (Dkt. No. 19), respondent reported this fact to the Court and stated that he would make no further attempts to serve petitioner "in the absence of a contrary directive from the Court." *Id.* at 2.

Your Honor referred this action to Magistrate Judge Maas on October 1, 2015. (Dkt. No. 20.) The action was re-designated to me on September 7, 2016. By Order dated July 18, 2017 (Dkt. No. 21), I directed petitioner to notify the Court, in writing, no later than Thursday, August 17, 2017, if he wished to proceed with this habeas action, and advised, "If the Court does not receive a written submission from petitioner by that date, the undersigned Magistrate Judge will recommend that this action be dismissed." *Id.* My July 18 Order was mailed the same day to the Brooklyn address.[1]

The Court has received no communications from petitioner at all since he appeared by telephone before Your Honor on June 8, 2015.

## **ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes district courts to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order."[2]

---

[1] As of the Date of this Order, there is no indication in the record that the Court's July 18 Order, mailed to petitioner at the Brooklyn address, was not received. Unlike respondent's August 19, 2015 mailing, which was returned as unclaimed approximately one month after mailing, the Court's July 18 mailing has not been returned.

[2] Although Rule 41(b) expressly provides only for dismissals on motion, "it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for

2

Although Rule 41(b) dismissal is "a harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)), and "pro se plaintiffs should be granted special leniency regarding procedural matters," *id.* (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)), courts in this district routinely dismiss pro se § 2254 habeas actions for failure to prosecute where, as here, petitioner fails to participate in the action or meet his obligation to provide the Court and respondent with updated contact information after being released from custody. *See, e.g., Abreu-Guzman v. Lempke*, 2011 WL 4862959, at *2 (S.D.N.Y. Oct. 13, 2011), *report and recommendation adopted*, No. 10-cv-6659 (S.D.N.Y. Feb. 1, 2012) (recommending dismissal of a pro se § 2254 petition for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), noting "[c]ourts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached," and citing cases); *Beaman v. Yelich*, 2014 WL 1813926, at *1-2 (S.D.N.Y. May 6, 2014) (Carter, J.) (dismissing a pro se § 2254 petition for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) after "learning Petitioner had been released from custody" and after issuing three orders over a four-month period to which petitioner did not respond); *Blake v. Payane*, 2011 WL 7163172, at *2 (S.D.N.Y. Mar. 11, 2011), *report and recommendation adopted*, 2012 WL 388473 (S.D.N.Y. Feb. 7, 2012) (recommending Fed. R. Civ. P. 41(b) dismissal where a mailing to a § 2254 petitioner was returned to the Court as undeliverable, petitioner had been released from DOC custody several months after filing a habeas petition, and was subsequently deported); *Stanley v. Ercole*, 2015 WL 3883584, at *4 (E.D.N.Y. June 23, 2015) (lifting stay and dismissing § 2254

---

failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

habeas petition pursuant to Fed. R. Civ. P. 41(b) where petitioner was released from custody, had not contacted the court in approximately three years, and had failed to respond to two court orders directing him to advise the court whether he intended to pursue the action).

"A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (internal citations and quotations omitted). "However, '[n]o one factor is dispositive,' and the ultimate decision of whether to dismiss should be made 'in light of the record as a whole.'" *Blake*, 2011 WL 7163172, at *2 (quoting *United States ex rel. Drake v. Norden., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).

Here, all five factors weigh in favor of Rule 41(b) dismissal. Petitioner "has not participated in this case" in over two years and "has not communicated with the Court or [respondent's] counsel." *Beaman*, 2014 WL 1813926, at *1 (finding that petitioner's non-participation for approximately six months weighed in favor of Rule 41(b) dismissal). *See also LeSane*, 239 F.3d at *2 ("the first factor weighs in favor of dismissal because this case has lain dormant for more than two and one-half years, during which time the Petitioner has failed to do so much as to update the Court concerning his whereabouts."). With respect to the second factor, my July 28 Order notified petitioner that I would recommend dismissal of this action if he did not communicate with the Court by August 18, 2017. This Report and Recommendation, which will be mailed to the same address, will serve as yet another warning that continued inaction may

4

result in dismissal. Moreover, if petitioner no longer receives mail at the Brooklyn address, "the Court has no means of giving Petitioner notice" and "'any attempt to further warn [petitioner] of [his] responsibilities and the consequences of [his] continued failure to prosecute this action would be futile.'" *Blake*, 2011 WL 7163172, at *2 (quoting *Lukensow v. Harley Cars*, 124 F.R.D. 64, 66 (S.D.N.Y. 1989)).

"The third factor also weighs in favor of dismissal because when a plaintiff has unreasonably delayed, prejudice to the defendants may be presumed." *Blake*, 2011 WL 7163172, at *2 (*citing Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). As to the fourth factor, "[i]t is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that [petitioner] will reappear in the future." *Id.* (quoting *Davison v. Grillo*, 2006 WL 2228999, at *2 (E.D.N.Y. 2006)). Finally, "where Petitioner simply ignores the Orders of the Court, and the Court and counsel have no way of communicating with him, any [] sanction [other than dismissal] would be ineffective." *Beaman*, 2014 WL 1813926, at *2 (citing cases).

Accordingly, I respectfully recommend that the District Judge either (a) DISMISS this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b); or (b) issue an Order providing that this action will be DISMISSED with prejudice pursuant to Rule 41(b) if petitioner does not communicate with the Court in writing, affirming his intention to prosecute this action, within thirty days.[3]

---

[3] An additional thirty days, if provided after the fourteen-day period to file written objections to this Report and Recommendation pursuant to Rule 72(b) has run, would bring the total period of petitioner's non-response to orders *explicitly* directing him to communicate with the Court to approximately three months, comparable to the period in *Beaman*. 2014 WL 1813926.

5

The Clerk of Court is respectfully directed to mail a copy of this Order to petitioner.

### NOTICE OF PROCEDURE FOR FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the Hon. Andrew L. Carter at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007, and to the chambers of the undersigned Magistrate Judge. Any request for an extension of time to file objections must be directed to Judge Carter. Failure to file timely objections will preclude appellate review. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: New York, New York
August 30, 2017

SO ORDERED.

BARBARA MOSES
United States Magistrate Judge